UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA

CHARLOTTE N. WHITE              *          CIVIL ACTION

VERSUS                          *          NO: 10-3067

UNITED STATES OF AMERICA        *          SECTION: "D"(2)

## ORDER AND REASONS

Before the court is the **"United States' Motion to Dismiss for Lack of Subject Matter Jurisdiction"** (Doc. No. 7). Plaintiff, Charlotte N. White, filed a memorandum in opposition. The motion, set for hearing on Wednesday, October 20, 2010, is before the court on briefs, without oral argument. Now, having considered the memoranda of counsel, the record, and the applicable law, the court finds that the motion should be granted.

According to Plaintiff's state-court Petition, Plaintiff is presently an Administrative Law Judge with the Social Security Administration. (Petition at ¶111). In April 2009, Plaintiff allegedly visited the New Orleans' office of Senator Mary Landrieu to assist Dr. Dudley Stewart with a Medicare problem. (*Id.* at ¶¶VI-VII). In Senator Landrieu's office, Plaintiff was assisted by

Sherae Hunter. (*Id*. at ¶VII). Plaintiff alleges that Ms. Hunter did not understand the purpose of Plaintiff's visit and "became rude." (*Id*. at ¶IX). The following day, Ms. Hunter allegedly wrote and published a letter defaming Plaintiff. (*Id*. at ¶X).

On June 15, 2010, Plaintiff filed suit against Hunter in Civil District Court for the Parish of Orleans, State of Louisiana. Plaintiff sued Hunter "in her individual capacity, outside the course and scope of her official duties as a constituent service representative in the New Orleans office of Senator Mary L. Landrieu." (*See* state-court Petition at ¶V). Plaintiff does not attach Hunter's letter to her suit, and Plaintiff does not specify which statements contained therein are defamatory.

After Plaintiff filed her suit in state court, the United States Attorney for the Eastern District of Louisiana, Jim Letten, acting on proper authority for the Attorney General, certified that:

> On the basis of the information now available with respect to the allegations [in Plaintiff's state-court Petition], I find that the named defendant, Sherae Hunter, was at all times acting within the course and scope of her employment as an employee of the United States Senate at the time of the conduct alleged in the petition.
>
> Specifically, the following non-exclusive factors inform my above stated conclusion: the interaction between White and Hunter occurred at Hunter's workplace and during working

> hours; the interaction between White and Hunter was rooted in Hunter's duties as a Constituent Service Representative for a United States Senator; Hunter's report of her interaction with federal-employee White was reasonably incidental to Hunter's duties as Constituent Service Representative for a United States Senator; and Hunter conferred with her supervisor before making the report regarding her interaction with White.

(*See* Letten Certification, Doc. 1-2).

Based upon this Certification, the United States removed the suit to this court and was substituted as the Defendant in Hunter's place. Federal Torts Claim Act (FTCA), 28 U.S.C. §2679(d)(2)(*i.e.*, the Westfall Act).[1] In the instant motion, the United States seeks dismissal of Plaintiff's defamation suit for lack of subject matter jurisdiction because there is no waiver of sovereign immunity in the FTCA for defamation claims. 28 U.S.C. §2680(h). The United States attached a copy of Hunter's letter to its supporting memorandum. (*See* Hunter letter, Doc. No. 7-3).

---

[1] Section 2679(d)(2) provides that:

> Upon certification by the Attorney General that the Defendant employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose, any civil action or proceeding commenced upon such claim in State court shall be removed without bond at any time before trial by the Attorney General to the district court of the United States for the district and division embracing the place in which the action or proceeding is pending. Such action or proceeding shall be deemed to be an action or proceeding brought against the United States under the provisions of this title and all references thereto, and the united States shall be substituted as the party Defendant. This certification of the Attorney General shall conclusively establish scope of office or employment for purposes of removal.

28 U.S.C. §2679(d)(2).

Hunter's letter was addressed to Jean Parks-Sanders, Regional Chief Administrative Law Judge for the Social Security Administration, Plaintiff's alleged federal employer. (*Id.*). The letter was purportedly sent on the Senate letterhead of Senator Landrieu, and Hunter signed it as "Constituent Service representative, Office of United States Senator Mary L. Landrieu." (*Id*). In the letter, Hunter states in part that:

> As a representative of the Social Security Administration, Ms. White's actions and behavior were less than professional or appropriate. **She was in our office to advocate for someone else who, as we later discovered, is a physician who sometimes testifies for Ms. White in her social security cases.** She was also demanding that a United States Senator overstep her jurisdiction and authority to compel an agency to go outside their policies and procedures. In addition, Ms. White violated privacy rights by going through a file containing personal information that she removed from a staffer's personal work area and to which she had no authority.

(*Id.*, emphasis added).

In opposition to the United States' motion, Plaintiff challenges the United States' certification that Hunter was acting within the scope of her employment when she sent the allegedly defamatory letter. Plaintiff also clarifies in her opposition what she perceives is defamatory in Hunter's letter. According to Plaintiff, Hunter "falsely stated that Plaintiff was advocating for an expert who testified at her hearings. ... In fact, Doctor

4

Stewart had *never* testified as a medical expert before the [Office of Disability Adjudication and Review], nor was he qualified to do so." (Plaintiff's Opp., Doc. No. 13 at p. 3). Plaintiff further argues, without proper support, that "the only motive that Defendant Hunter can have for making these statements must arise out of a relationship that Defendant Hunter has with Judge Parks-Sanders or of some other unknown personal vendetta that she has with Plaintiff." (*Id.*).

For purposes of *removal*, Letten's certification under the Westfall Act that Hunter was acting within the scope of her employment at the time the alleged tortious act conclusively establishes that Hunter was acting within the scope of her employment. 28 U.S.C. §2679(d)(2); *Counts v. Guerva*, 328 F.3d 212, 214 (5th Cir. 2003). However, for purposes of *substitution*, the certification is judicially reviewable. *Id.*

In reviewing the United States' certification of scope of employment, the court proceeds *de novo*, without weighing the certification as *prima facie* evidence of scope of employment. *Williams v. United States*, 71 F.3d 502, 505-06 (5th Cir. 1995). The burden of proof is on the Plaintiff "to show that the Defendant's conduct was not within the scope of ... her employment..." when the alleged tortious act occurred. *Id.* at 506. "[W]hether or not a particular federal employee was or was not acting within the scope

of [her] employment is controlled by the law of the state in which the negligent or wrongful conduct occurred." *Williams*, 71 F.3d at 505. Here, both Plaintiff and the United States agree that Louisiana law applies on the issue of whether or not Hunter was acting in the scope of her federal employment when she wrote the subject letter.

Plaintiff White argues that *Anderson v. United States*, 364 Fed. Appx. 920 (5th Cir. 2010) is "nearly identical to the present case." (Plaintiff's Opp., Doc. No. 13 at p. 8). However, *Anderson* applied Texas' state law to resolve the federal employee's scope of employment issue, and its ruling is therefore not apposite. In Texas, an employee acts within the scope of her employment, if her act falls "[1] within the scope of the employee's general authority [2] in furtherance of the employer's business and [3] for the accomplishment of the object for which the employee was hired. *Anderson*, 364 Fed. Appx. at 922. "[I]f an employee deviates from the performance of [her] duties for [her] own purposes, the employer is not responsible for what occurs during that deviation." *Id.*

Further, "[f]or an employer to be liable for defamation by its employee in Texas, the defamatory statement must be (1) referable to a duty owed by the employee to the employer and (2) made while the employee is in the process of discharging that duty." *Id.* at

6

923.

Under Louisiana law, an employee acts within the course and scope of her employment if her conduct (1) was primarily employment rooted; (2) was reasonably incidental to the performance of employment duties; (3) occurred on the employment premises; and (4) occurred during working hours. *Baumeister v. Plunkett*, 673 So.2d 994, 996-97 (La. 1996); *Manale v. City of New Orleans*, 673 F.2d 122, 126 (5th Cir. 1982), *citing Lebrane v. Lewis*, 292 So.2d 216 (La. 1974).

Unlike Texas law, Louisiana law has no specific requirements when considering whether or not an employer is vicariously liable for defamation by its employee. Further, in Louisiana (unlike Texas), the focus for determining vicarious liability "is on the employee's *general activities* at the time of the tortious conduct rather than on the specific tortious act. The fact that the act is forbidden or is done in a forbidden manner does not remove that act from the scope of employment." *Johnson v. Gantt*, 606 So.2d 854, 860 (La. 2nd Cir. 1992), *citing Ermert v. Hartford Ins. Co.*, 559 So.2d 467, 479 (La. 1990). "Even assuming that the predominant motive of [the employee] was 'personal' ... does not relieve [her employer] from vicarious liability if a secondary motive was to 'serve' the [employer] to any appreciable extent." *Johnson*, 606 So.2d at 860.

In opposing the Government's Motion to Dismiss, Plaintiff White offers her own Declaration. (*See* Doc. No. 13-2, White Declaration). However, the court finds that Plaintiff's Declaration is replete with legal conclusions,[2] it contains inadmissible hearsay,[3] and it references disciplinary events unrelated to any alleged defamation and pre-dating Plaintiff's visit to Senator Landrieu's office.[4] Plaintiff also requests that she be allowed to depose Hunter, Judge Parks-Sanders and Glynn F. Voisin of the Social Security Administration ostensibly to resolve "genuine issue[s] of material fact as to whether or not Defendant Hunter acted within the course and scope of her employment ... or ... for personal reasons or at the behest of Judge Parks-Sanders." (Opp. at p. 10). The court rejects such a request because "there is no right to even limited discovery in a Westfall Act case unless and until a plaintiff alleges sufficient facts to rebut the Government's certification" on the issue of scope of employment. *Wuterich v. Murtha*, 562 F.3d 375, 382 (D.C. Cir. 2009). Here, Plaintiff has failed to carry her burden of

---

[2] *See e.g.* White Declaration at ¶14 (statement is "defamatory on its face"); ¶20 ("defamatory statement"); ¶28 ("hostile work environment").

[3] *See e.g.* White Declaration at ¶¶12-13 (statements attributed to Parks-Sanders); ¶¶16-17 (statements attributed to Hunter); ¶18 ("A friend of affiant ... told affiant that ..."); and ¶20 ("affiant's union representative ... asked Parks-Sanders").

[4] *See e.g.* White Declaration at ¶¶8-13, 19-25, 28.

showing disputed jurisdictional facts necessary to justify her requested discovery.

After construing Plaintiff's complaint liberally, treating all well-pleaded facts as true and indulging all reasonable inferences in favor of Plaintiff, the court concludes that Plaintiff has failed to meet her burden of showing that Hunter was not acting within the scope of her employment of a constituent service representative for Senator Landrieu when she wrote the subject letter. Even if Hunter had a personal motive in writing the letter, the court finds that Plaintiff has failed to show that the letter was not rooted to Hunter's employment and reasonably incidental to the performance of Hunter's employment duties. *Manale*, 673 F.2d at 126.

Accordingly;

**IT IS ORDERED** that the **"United States' Motion to Dismiss for Lack of Subject Matter Jurisdiction"** (Doc. No. 7) be and is hereby **GRANTED**, dismissing this matter for lack of subject matter jurisdiction.

New Orleans, Louisiana, this **26th** day of **October**, **2010**.

_____
A.J. McNAMARA
UNITED STATES DISTRICT JUDGE